IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

ANNA REED,
**Respondent Below, Petitioner**

**FILED**
**August 6, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 25-ICA-323**    (Cir. Ct. Kanawha Cnty. Case No. CC-20-2025-C-AP-78)

STEVEN WOLFE,
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Anna Reed appeals from the July 8, 2025, Final Order of the Circuit Court of Kanawha County denying her civil appeal from the Magistrate Court of Kanawha County. Respondent Steven Wolfe filed a response.[1] Ms. Reed filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

In November 2023, Ms. Reed and a roommate[2] entered into a residential lease agreement with Atlas Holdings, LLC, which identified Mr. Wolfe as the property manager.[3] On May 6, 2025, Mr. Wolfe filed a wrongful occupation petition against Ms. Reed and a *John Doe* defendant in magistrate court. The petition alleged breach of the lease agreement by failure to pay rent. A summons return filed on May 9, 2025, stated that the sheriff's office attempted service at the residence the previous day but could not locate either party. On May 20, 2025, a private process server filed a notarized return stating that they attempted service on May 10, 16, and 17, 2025, but were unable to locate either

---

[1] Both parties are self-represented.

[2] The roommate was not named as a party below and the parties represented on appeal that the roommate vacated the residence several months before Mr. Wolfe commenced the underlying proceeding.

[3] According to Mr. Wolfe's arguments on appeal, he is the owner of the subject rental property and Atlas Holdings, LLC. However, for the reasons set forth below, this fact is immaterial to our resolution of this appeal.

defendant. That same day, Mr. Wolfe filed an affidavit requesting permission to serve the defendants by publication after personal service attempts were unsuccessful.

A legal notice was published in the local press that, among other things, identified Ms. Reed in conspicuous language as both "Anne" and "Anna" and directed the defendants to appear for a magistrate court hearing on June 23, 2025. When neither defendant appeared, the magistrate awarded Mr. Wolfe judgment for rental arrears, costs, and interest and granted him immediate possession of the rental property. Ms. Reed appealed to the circuit court, arguing that the judgment should be set aside for improper service; specifically, that the sheriff's return was not notarized[4] and that the publication misidentified her as "Anne." She further asserted that Mr. Wolfe failed to provide proper notice of the rental arrears and that the judgment was invalid because he did not name her former roommate as a party. Although the roommate no longer lived at the residence, Ms. Reed contended that, as a signatory to the lease, the roommate remained jointly and severally liable.

Ms. Reed and Mr. Wolfe appeared in circuit court for a bench trial de novo on July 8, 2025, and the court entered its order on the appeal the same day. The order states that the court based its ruling on the record, the parties' testimony, the evidence presented, and the applicable law. The court found that the evidence established Ms. Reed's rental arrears and that Mr. Wolfe was entitled to judgment and possession of the residence. The court amended the magistrate court's judgment to include a prorated adjustment of rent owed for the partial month of July. The order did not address the specific grounds Ms. Reed raised in her written appeal from magistrate court.

This appeal followed. Our review is governed by a deferential standard of review in which we review the circuit court's factual findings for clear error, its ultimate disposition for an abuse of discretion, and questions of law de novo. *See* Syl. Pt. 2*, Walker v. W. Va. Ethics Comm'n*, 201 W. Va. 108, 492 S.E.2d 167 (1997).

On appeal, Ms. Reed presents service of process, joinder, and due process arguments to challenge both the magistrate court and circuit court proceedings. We find no merit in her arguments. Instead, we conclude that she has failed to establish error.

As an initial matter, her challenges to the magistrate court proceeding fall outside the scope of our review because West Virginia law provides that a magistrate court judgment is vacated and annulled upon appeal to the circuit court. *See Thornton v. Poorman*, No. 24-ICA-4, 2024 WL 4360047, at *2 (W. Va. Ct. App. Oct. 1, 2024) (memorandum decision) (collecting cases). Her challenges to the circuit court's ruling also fail because the record contains no transcript or other documentation from the circuit court

---

[4] While we dispose of this appeal on other grounds, we note that service returns from a sheriff's office do not need to be notarized. *See* W. Va. R. Civ. P. 4(h)(1).

proceedings that would allow this Court to determine whether she raised these issues below or whether the circuit court substantively addressed them. *See* W. Va. R. App. P. (7)(d)(5) (setting forth the documents a petitioner must include in an appendix record, including "material excerpts from official transcripts").

The limited record on appeal confines our review to the four corners of the circuit court's July 8, 2025, final order. Ms. Reed, however, bears the burden of affirmatively demonstrating error in that judgment. *See* Syl. Pt. 5, *Morgan v. Price*, 151 W. Va. 158, 150 S.E.2d 897 (1966); *see also* Syl. Pt. 4, *State v. Browning*, 199 W. Va. 417, 485 S.E.2d 1 (1997) (an appellate court "will not consider an error which is not properly preserved in the record nor apparent on the face of the record."). Critically, she raises no assignment of error directed at the order's specific findings of fact or conclusions of law.[5] Therefore, we cannot conclude that the circuit court's ultimate disposition constituted an abuse of discretion or that its factual findings were clearly erroneous.

Accordingly, we affirm.

Affirmed.

**ISSUED:** August 6, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

---

[5] To the extent Ms. Reed challenges Mr. Wolfe's standing to file the underlying petition for summary relief for wrongful occupation of residential rental property, and therefore implicates subject matter jurisdiction, we find no error. West Virginia Code § 55-3A-1(a) (1983) provides that "the owner or agent of the owner" of a property may file a wrongful occupation petition. In her reply, Ms. Reed apparently concedes that Mr. Wolfe's assertion that he is the owner of the property at issue is "consistent with public records," but she argues that "the written lease should control who this Court considers to have standing to evict Petitioner." However, the lease identifies Mr. Wolfe both as the property manager and an owner.